# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DERRICK MARTIN KING,**

    **Plaintiff,**

    v.                                          **Case No. 2:19-cv-5522**
                                                    **Judge Edmund A. Sargus, Jr.**
                                                    **Magistrate Judge Chelsey M. Vascura**

**DAVID ANTHONY YOST,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Derrick Martin King, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e).

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to Plaintiff's Complaint, in 2013, he applied for and was ultimately approved to receive $115 per month in Disability Financial Assistance ("DFA") from the State of Ohio. On July 13, 2017, he received a notice from the Summit County Department of Job and Family Services informing him that he was no longer eligible to receive this payment due to legislation changes, specifically, the enactment of Am.Sub.H.B. No. 49.

Following unsuccessful administrative appeals with the Ohio Department of Job and Family Services, Plaintiff filed a state-court action in the Summit County Court of Common Pleas, appealing the termination of his DFA benefits and further asserting that Am.Sub.H.B. No.

3

49 was unconstitutional both facially and as applied under both the Ohio and United States Constitution. The state-court affirmed the termination of Plaintiff's DFA benefits and upheld the constitutionality of Am.Sub.H.B. No. 49, and Plaintiff's appeals were unsuccessful. *See King v. Ohio Dep't of Job & Family Serv.*, No. 29198, 2019-Ohio-2989 (Ohio App. 9th Dist. 2019), *cert. denied*, 157 Ohio St.3d 1440.

In this action, as in his state-court action, Plaintiff maintains that the elimination of the DFA program violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. More specifically, Plaintiff alleges that "[t]he elimination of the DFA program . . . deprives [him] of his constitutional right of due process of law as he was not notified of any proposal to eliminate the DFA program prior to its elimination." (Pl.'s Compl. ¶ 54, ECF No. 1-1.) Plaintiff further asserts that "elimination of the DFA program . . . is not rationally related to a legitimate government purpose and violates [his] rights to equal protection of the laws." (*Id.* at ¶ 55.) Plaintiff also maintains that elimination of the DFA program violates various provisions in the Ohio Constitution. He seeks declaratory and injunctive relieve, as well as a monetary award consisting of a retroactive award of DFA benefits.

**III.**

The doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's claims. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies;

4

(3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). *See also Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) (holding that *res judicata* applies even where the second suit presents different theories of the case arising from the same factual situation).

In the instant action, Plaintiff simply reasserts the same claims, causes of action, and injuries arising out of the same facts he alleged in his state-court case. *See King v. Ohio Dep't of Job & Family Serv.*, No. 29198, 2019-Ohio-2989 (Ohio App. 9th Dis. 2019), *cert. denied*, 157 Ohio St.3d 1440. It makes no difference that the judgment was obtained in state court—"[s]tate-court judgments are given the same preclusive effect under the doctrines of *res judicata* and collateral estoppel as they would receive in courts of the rendering state." *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e) as barred by the doctrine of *res judicata*.

To the extent Plaintiff is instead attempting to appeal the state-court judgment affirming the termination of his DFA benefits, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. Thus, to the extent Plaintiff is attempting to appeal from the state court's decision, it is **RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.

## IV.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE